UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|                                        |   |                        |
|----------------------------------------|---|------------------------|
| HEATHER SZITTAI                        | : | CASE NO. 5:08-CV-1379  |
|                                        | : |                        |
|     Plaintiff,     | : |                        |
|                                        | : |                        |
| vs.                                    | : | ORDER & OPINION        |
|                                        | : | [Resolving Doc. No. 21]|
| WELLS FARGO FINANCIAL, INC., et al     | : |                        |
|                                        | : |                        |
|     Defendant.     | : |                        |
|                                        | : |                        |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Wells Fargo Financial, Inc., Wells Fargo Financial Ohio, Inc., and Wells Fargo Financial Acceptance (collectively "Wells Fargo") move this Court to dismiss the Plaintiff Heather Szittai's collective action and class action claims, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary adjudication, pursuant to Federal Rule of Civil Procedure 56. [Doc. 21-1.] Plaintiff Szittai opposes the motion. [Doc. 25-1.] For the following reasons, the Court **DENIES** the Defendants' motion to dismiss or for summary judgment.

Background

On June 6, 2008, Plaintiff Szittai filed a complaint against Defendants Wells Fargo on behalf of herself and those similarly situated. [Doc. 1-1.] Plaintiff Szittai worked as a loans processor for the Defendants in Summit County, Ohio, from August 2005 to June 2007. [*Id.* at 3.] The complaint alleged that the Defendants failed to pay class members appropriate compensation for overtime work and failed to keep required records of its labor practices, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The Plaintiff suggested that the putative FLSA class should be defined as:

Case No. 5:08-CV-1379
Gwin, J.

> [A]ll persons who did not sign arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of Ohio under the same first-, second-, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the date of final disposition of this action . . . .

[*Id.* at 2.] Later, the Plaintiff amended the complaint to include class action claims under Rule 23 of the Federal Rules of Civil Procedure. [Doc. 8.] The proposed class under Ohio law is substantially similar to the FLSA class, except that the former is limited to those persons employed within two years prior to this action's filing. [*Id.* at 2.]

Defendants Wells Fargo responded to the complaint [Doc. 20], and then filed the instant motion to dismiss [Doc. 21-1.] Defendants argue that the Plaintiff is collaterally estopped from pursuing this case as a class action because of a February 8, 2008 ruling in the Northern District of California case, *Castle v. Wells Fargo, Inc., et al*, 3:06-cv-04347 [Doc. 19-9]. In that case, the district court denied conditional certification of a nationwide class against Wells Fargo for similar complaints of failure to pay overtime wages.

## Legal Standard

A. *Motion to Dismiss*

In deciding a Rule 12(b)(6) motion, a court can dismiss a claim only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A court must accept all of the allegations contained in the claim as true and construe the claim "liberally in favor of the party opposing the motion." *Id.* While a court is obligated to accept as true the well-pleaded allegations in the complaint, the court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res.,*

-2-

Case No. 5:08-CV-1379
Gwin, J.

*Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). The court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

B. *Summary Judgment*

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown,* 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998). Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Nat. Enters., Inc. v. Smith,* 114 F.3d 561, 563 (6th Cir. 1997). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.,* 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

C. *Collateral Estoppel*

In the Sixth Circuit, the requirements for the application of collateral estoppel, or issue preclusion, include:

Case No. 5:08-CV-1379
Gwin, J.

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding ; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Hamilton's Bogarts, Inc. v. Michigan*, 501 F. 3d 644, 650 (6th Cir. 2007) (quoting *NAACP, Detroit Branch v. Detroit Police Officers Ass'n (DPOA)*, 821 F.2d 328, 330 (6th Cir. 1987)). According to the doctrine of collateral estoppel, once an issue is actually and necessarily determined in litigation, that determination is binding in subsequent suits involving a party to the prior litigation, though the later suits are based on different causes of action. *Montana v. United States*, 440 U.S. 147, 153 (1979). Under Ohio law, the party asserting collateral estoppel carries the burden of demonstrating that the requirements for the application of the doctrine have been satisfied. *Knott v. Sullivan*, 418 F.3d 561, 568 (6th Cir. 2005).

Analysis

Defendants Wells Fargo argue that the Plaintiff is precluded from pursuing these collective and class action claims because a district court in California earlier denied conditional class certification in a similar case, *Castle v. Wells Fargo, Inc., et al.* 3:06-cv-04347. [*See* Doc. 19-9.] In response, the Plaintiff argues that collateral estoppel does not apply because none of the four prerequisites have been met.

In *Castle*, the plaintiffs were current and former employees of Wells Fargo – credit managers, senior credit managers, assistant managers, and loan processors – who claimed Wells Fargo did not compensate them for overtime work. [Doc. 19-9 at 2.] The plaintiffs sought conditional certification of a nationwide collective class under the FLSA, comprising approximately 14,000 individuals. [*Id*.]

Case No. 5:08-CV-1379
Gwin, J.

To support the certification, the plaintiffs submitted 24 declarations from putative class members who had worked in 28 of the 1000 branches of Wells Fargo nationwide, and in eight of the 48 states where the defendants operate. [*Id.*] The declarations described overtime hours worked, a failure on behalf of the defendants to compensate the overtime hours, and various policies and procedures used to withhold compensation for overtime work.

In denying the conditional class certification of the nationwide class, the California district court relied primarily on the failure of the plaintiffs to identify "any company-wide policy or practice to deny overtime." [*Id.* at 6.] Rather than demonstrating any nationwide policy, the *Castle* court noted that "plaintiffs' evidence suggests differing 'policies' or practices depending on the branch or the district . . . ." [*Id.*] As such, the court suggested the viability of individual claims, noting that, "[r]esolution of plaintiffs' claims would require individualized determinations . . . ." [*Id.* at 7.] Ultimately, the district court in *Castle* deemed that *nationwide* class certification inappropriate. [*Id. at 8*.]

In considering whether the *Castle* certification order stops Plaintiff Szittai from pursuing collective and class actions here, this Court returns to the four requirements of collateral estoppel, each of which is necessary for preclusion. The first prong requires that the *precise issue* before the Court was raised and actually litigated in the prior proceeding. The *Castle* court, however, only considered conditional certification of a nationwide class, as that was the only class asserted in that action. The Plaintiff here does not claim a nationwide class, but a statewide class. More specifically the Plaintiff seeks a class that encompasses everyone under the third level of management above the named Plaintiff. In claiming a statewide class, the Plaintiffs say they respond to the over-broad class reviewed by the *Castle* Court.

Case No. 5:08-CV-1379
Gwin, J.

The Defendants argue that the *Castle* court held that the members of the putative class sought in this case are not sufficiently similarly situated to maintain a class. The Defendants cite to the California order that denied certification, noting that the district court found that there was no evidence of a "common policy or practice on a nationwide or statewide basis." [Doc. 21-1 at 10, quoting Doc. 19-9 at 4.] Because the Plaintiff's proposed statewide class here was included within the *Castle* proposed nationwide class, the Defendants argue that the putative class members here could not be any more similarly situated than the class members in *Castle*.

The Defendant's argument, of course, makes no sense. That a much broader class might not have common practices running throughout it does not speak to whether a more narrowly drawn class might have common practices. Although the *Castle* court found that the plaintiffs in that case had not demonstrated a nationwide policy or practice to deny overtime compensation, there could be such a policy or practice within a smaller management subdivision of Wells Fargo. If such a policy or practice exists in Ohio, all putative class members in this action would be similarly situated. The issue in the *Castle* certification order is insufficient to determine whether all Wells Fargo employees in Ohio are similarly situated. None of the 24 declarations presented in the *Castle* case were from Ohio employees. [*See* Docs. 19-4, 19-7.] Additional discovery would be necessary to determine the propriety of class certification here, but the issue is not precluded by the *Castle* certification order.

At most, in the language relied upon by Defendants Wells Fargo, the *Castle* court said the plaintiffs *had* not "identified a common policy or practice on a nationwide or statewide basis." [Doc. 21-1 at 10, quoting Doc. 19-9 at 4.] In contrast, the court did not say the plaintiffs *could* not identify a common policy or practice on a statewide basis. The plaintiffs in *Castle* did not identify a statewide policy or practice because they were not seeking certification of a statewide class. The *Castle*

Case No. 5:08-CV-1379
Gwin, J.

plaintiffs sought a nationwide class. Thus, it is not surprising that the district court in *Castle* found no evidence of a statewide policy, given that the plaintiffs had not tried to demonstrate one. The issue of the viability of a statewide class, and specifically an Ohio statewide class, was not actually litigated in *Castle*.

The cases presented by the Defendants to support preclusion are distinguishable. In *Frosini v. Bridgestone Firestone North American Tires, LLC*, a California district court ruled that because a state court denied class certification of both nationwide and statewide classes in one action, plaintiffs in a subsequent action were collaterally estopped from pursuing substantially identical claims with a statewide class. *Frosini v. Bridgestone Firestone North American Tires, LLC*, 227 WL 2781656, *9. In that case, however, the state court had explicitly rejected a statewide class, in addition to a nationwide class. Thus, the issue of the statewide class had previously been actually and necessarily litigated. In this case, the issue of an Ohio-wide class has not been similarly litigated.

In *In re Bridgestone/Firestone, Inc., Tires Products*, the Seventh Circuit held that its own prior decision on the improvidence of nationwide class certification had collateral estoppel effect as to a nationwide class, but did not preclude single-state class actions. *In re Bridgestone/Firestone, Inc., Tires Products*, 333 F.3d 763, 766 (7th Cir. 2003). The court acknowledged its suggestion in the prior proceeding that "even a single-state class . . . would be unmanageable and inferior to supervision," but explained that the assessment was not part of the judgment in the prior proceeding. *Id*. The Court deems this case analogous. In this case, the statements by the district court in *Castle*, about the lack of evidence of a statewide policy or practice and the need for individualized determinations of the claims, resemble the Seventh Circuit's suggestion in the litigation prior to *In re Bridgestone*. The *Castle* court's statements did not become part of its judgment, which only

Case No. 5:08-CV-1379
Gwin, J.

addressed the conditional certification of a nationwide class. As such, the *Castle* certification order does not preclude this action.

Because the Court finds that the issue of the viability of the class proposed in this action was not actually litigated or necessarily decided by the district court in *Castle*, the Court finds it unnecessary to consider the third and fourth requirements of collateral estoppel, whether the judgment was final and whether the plaintiff had a full and fair opportunity to litigate the issue, respectively.

## IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion to dismiss or for summary judgment. [Doc. 21].

IT IS SO ORDERED.

Dated: October 20, 2008            s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE